# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## 14-14200-AA

## KEITH DAVIDSON,

### Plaintiff-Appellant,

### v.

## CAPITAL ONE BANK (USA), N.A.;

### Defendant-Appellee.

Appeal from the United States District Court for the
Northern District of Georgia, Atlanta Division,
Hon. William S. Duffy, Jr., presiding

Case No. 1:13-CV-2307-WSD-ECS

## APPELLANT'S PETITION FOR REHEARING
## AND REHEARING EN BANC

Daniel A. Edelman
Cathleen M. Combs
Catherine C. Charpie
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, 15th Floor
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

E. Talley Gray
3449-E Lawrence-Suwanee Road
Suwanee, GA 30024
(678) 428-4868

*Davidson v. Capital One Bank (USA), N.A.*; 14-14200-AA

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

The following is a complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent corporations, or other legal entities who or which are financially interested in the outcome of the litigation, together with law firms and counsel in the case.

1.     Burr & Forman LLP

2.     Capital One Bank (USA), N.A., Defendant-Appellee

3.     Charpie, Catherine C., Counsel for Plaintiff-Appellant

4.     Combs, Cathleen M., Counsel for Plaintiff-Appellant

5.     Davidson, Keith, Plaintiff-Appellant

6.     Duffey, Jr., William S. (District Court Judge, N.D. Georgia, Atlanta Division)

7.     Edelman, Combs, Latturner & Goodwin, LLC

8.     Edelman, Daniel A., Counsel for Plaintiff-Appellant

9.     Grey, E. Talley, Counsel for Plaintiff-Appellant

10.    Scofield, III, E. Clayton (Magistrate Judge, N.D. Georgia, Atlanta Division)

11.    Threadcraft, Joshua H., Counsel for Defendant-Appellee

12.    Ziemann, Jennifer E. Counsel for Defendant-Appellee

## **CERTIFICATION**

I express a belief, based on a reasoned and studied professional judgment, that this appeal involves one or more questions of exceptional importance:

(1)     Whether a bank which, as part of its usual business activities, acquires over $1 billion in charged-off debts is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA") with respect to such charged-off debts?

(2)     Whether the Panel opinion erroneously construed the FDCPA in such a manner that numerous activities previously considered within the letter and purpose of the FDCPA are excluded from it, while numerous businesses previously considered not within the letter or purpose of the FDCPA are now "debt collectors?"


s/Daniel A. Edelman
Daniel A. Edelman

ATTORNEY OF RECORD FOR
PLAINTIFF-APPELLANT KEITH
DAVIDSON

## **TABLE OF CONTENTS**

TABLE OF CONTENTS………………………………………………………..i

TABLE OF AUTHORITIES………………………………………………ii

STATEMENT PURSUANT TO FED. R. APP. P. 35(b) and CIR. RULE 35……..1

FACTUAL AND PROCEDURAL HISTORY………………………………….2

ARGUMENT………………………………………………………………….3

      I.     The Panel Opinion Deepens a Circuit Split Without Addressing the Weight of Authority……………………………………………..3

      II.    The Meaning of "Debt Collector" *is* Ambiguous…………………….5

      III.   FTC Interpretation Conflicts With Panel Decision…………………..7

      IV.   Congressional Acquiescence……………………………………….8

      V.    The Panel's Reading is Both Overinclusive and Underinclusive…….9

      VI.   The Panel's Reading Renders Substantial Portions of the Definition Meaningless……………………………………………………11

      VII. Conclusion……………………………………………………14

CERTIFICATE OF SERVICE……………………………………………17

APPENDIX A…………………………………………………………..18

i

# TABLE OF AUTHORITIES

## *Cases*

*Admiral Ins. Co. v. Weitz & Luxenberg, P.C.*, No. 02 Civ. 2195(RWS),  2002 WL 31409450 (S.D.N.Y., Oct. 24, 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Anderson v. Deutsche Bank Nat'l Tr. Co.*, 1:11cv4091, 2012 WL 3756512 (N.D.Ga. Aug. 6, 2012), adopted, 2012 WL 3756435 (N.D.Ga., Aug. 27, 2012)..14

*Bates v. Novastar/ Nationstar Mortgage LLC*, 1:08cv1443, 2008 WL 2622810, (N.D.Ga., June 24, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Boston Ins. Co. v. Gable*, 352 F.2d 368 (5th Cir. 1965). . . . . . . . . . . . . . . . . . 15

*Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355 (6th Cir. 2012). . . . . . . 1, 4, 14

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014). . . . . . . . . . . . 3

*Deutsche Bank Trust Co. Americas v. Garst*, 989 F.Supp.2d 1194 (N.D.Ala. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Dolan v. Fairbanks Capital Corp.*, 03cv3285, 2008 WL 4515932 (E.D.N.Y., Sept. 30, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Evankavitch v. Green Tree Servicing, LLC*, - - F. 3d - -, 2015 WL 4174441 (3d Cir. July 13, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

*FTC v. Check Investors, Inc.*, 502 F.3d 159 (3d Cir. 2007). . . . . . . . . . . . . . 1, 4, 7

*Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480 (M.D.Ala. 1987). .......passim

*King v. Burwell*, 135 S.Ct. 2480 (June 25, 2015). . . . . . . . . . . . . . . . . . . . . . . 3, 6

*Kozak v. Hillsborough County, Fla.*, 644 F.3d 1347 (11th Cir. 2011). . . . . . . . . . 12

*Lefrak Organization, Inc. v. Chubb Custom Ins. Co.*, 942 F.Supp. 949 (S.D.N.Y. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Marisco v. NCO Financial Systems, Inc.,* 946 F.Supp.2d 287  (E.D.N.Y. 2013). ....6

*McKinney v. Cadleway Props., Inc.*, 548 F.3d 496 (7th Cir. 2008). . . . . . . 1, 3, 4

*Monroe v. CitiMortgage, Inc.*, No. 8:07cv0066-SCB-TGW, 2007 WL 15601904, (M.D.Fla. May 29, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Musudi v. Ford Motor Credit Co.*, 07cv1082, 2008 WL 2944643 (E.D.N.Y., July 31, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Pollice v. Nat'l Tax Funding*, 225 F.3d 379 (3d Cir. 2000). . . . . . . . . . . . . . . . 4

*Prickett v. BAC Home Loans*, 946 F.Supp.2d 1236 (N.D.Ala. 2013). . . . . . . . . . 14

*Raffles v. Wichelhaus*, 2 H. & C. 906, 159 Eng.Rep. 375 (Ex. 1864). . . . . . . . . . . 6

*Robinson v. Nationstar Mortgage, LLC*, 2:12cv718, 2012 WL 5596421 (S.D.Ohio, Nov. 15, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Saxbe v. Bustos*, 419 U.S. 65 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204 (9th Cir. 2013). . . . . . . . . . . 5

*Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003). . . . . . . 1, 4, 14

*Serna v. Law Office of Joseph Onwuteaka, P.C.,* 732 F.3d 440 (5th Cir. 2013). . . . 6

*Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014). . . . . . . . . . . . . . . 6

*Thompson v. Diversified Adjustment Service, Inc.*, No. H-12-922, 2013 WL 2973976 (S.D.Tex., July 31, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Zirogiannis v. Dreambuilder Investments*, 782 F.Supp.2d 14 (E.D.N.Y. 2011). . . . . . 3

*Zortman v. J. C. Christensen & Associates, Inc.*, 819 F.Supp.2d 874 (D.Minn. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Statutes</u>

15 U.S.C. §1692a(6)(F). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

15 U.S.C. § 1692a(6)(F)(iii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 12, 13

15 U.S.C. §1692a(6)(F)(iv). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fair Debt Collection Practices Act, 15 U.S.C. §1692a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .passim

Pub.L. 101-73, Title VII, § 744(n), Aug. 9, 1989, 103 Stat. 440.. . . . . . . . . . . . . 9

Pub.L. 102-242, Title II, § 212(e), Dec. 19, 1991, 105 Stat. 2301.. . . . . . . . . . . 9

Pub.L. 102-550, Title XVI, § 1604(a)(8), Oct. 28, 1992, 106 Stat. 4082.. . . . . . . . 9

Pub.L. 104-208, Title II, § 2305(a), Sept. 30, 1996, 110 Stat. 3009-425.. . . . . . . . 9

Pub.L. 104-88, Title III, § 316, Dec. 29, 1995, 109 Stat. 949.. . . . . . . . . . . . . 9

Pub.L. 109-351, Title VIII, § 802, Oct. 13, 2006, 120 Stat. 2006.. . . . . . . . . . . . 9

Pub.L. 111-203, Title X, §1089(2), July 21, 2010, 124 Stat. 2092.. . . . . . . . . . . 9

U.C.C. §9-607.................................................................................12

## Other Authorities

2013 FDCPA Annual Report. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

FTC Report, *Collecting Consumer Debts: The Challenges of Change* (2009). ……..7

FTC Report, *Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration* (2010),. . . . . . . . . . . . . . . . . . . . . . . . 7

FTC report, *The Structure and Practices of the Debt Buying Industry (2013)*. . . . . 7

Webster's New World College Dictionary, 4th Ed...................................................13

## STATEMENT PURSUANT TO FED. R. APP. P. 35(b) and CIR. RULE 35

Plaintiff-Appellant Keith Davidson ("Davidson") respectfully requests, pursuant to Fed. R. App. P. 35 and 40, a rehearing *en banc* or a panel rehearing of this Court's August 21, 2015 decision, on the grounds that this appeal presents questions of exceptional importance and that the opinion substantially deepens a circuit conflict between the Ninth (and now Eleventh) Circuits on the one hand, and the Third, Sixth, and Seventh Circuits on the other.

1.    The Panel Opinion endorsed an interpretation of "debt collector" under the Fair Debt Collection Practices Act, 15 U.S.C. §1692a ("FDCPA") which is contrary to the purpose of the Act, in that it will lead to (a) entities that were never considered to be debt collectors to be held as such, and (b) entities, such as Capital One, to engage in improper debt collection practices, as they did against Plaintiff-Appellant by filing a lawsuit against him on a settled debt, without suffering consequences under the FDCPA for those abusive practices.

2.    The position adopted by the Panel Opinion creates a conflict with the Third Circuit in *Evankavitch v. Green Tree Servicing, LLC*, - - F. 3d - -, 2015 WL 4174441 (3d Cir. July 13, 2015) and *FTC v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007), the Sixth Circuit in *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 362 (6th Cir. 2012), and the Seventh Circuit in *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) and *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 501 (7th Cir.  2008) in determining who constitutes a debt collector under the FDCPA, without even acknowledging that it did so.

1

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleged that Capital One Bank USA, N.A. ("Capital One") was a "debt collector" with respect to more than $1 billion in defaulted debts that it acquired from other banks, one of which was plaintiff's. (Amended Complaint ["AC"], ¶12, Dkt. #13)

Capital One's predecessor, HSBC, had obtained a judgment on plaintiff's debt for $500 after suing for a larger amount. (AC ¶¶21-24 and Appendix A) After Capital One acquired the HSBC portfolio, Capital One filed a second, unfounded collection action against plaintiff seeking to collect a larger sum, without regard to the judgment fixing his obligation at $500. (AC, ¶26-27 and Appendix C) Capital One served plaintiff with a false affidavit purporting to testify that plaintiff owed the larger sum. (AC, ¶¶28-33 and Appendix D)

Plaintiff filed the instant action and Capital One moved to dismiss Plaintiff's amended complaint, asserting that it was not a "debt collector" subject to the FDCPA. Magistrate Judge Scofield recommended that the motion be denied, finding that the complaint sufficiently alleged that Capital One was a debt collector. (Report and Recommendation, Dkt. #32, R. 8-21) Upon review, District Judge Duffy granted the motion, holding that on the facts alleged, Capital One was not a debt collector. (District Court Opinion and Order, August 18, 2014, Dkt., #44, R.22-50) Plaintiff appealed and the Panel affirmed the Dismissal. Appendix A, (Panel Opinion and Order, August 21, 2015) Plaintiff requests a rehearing *en banc* or panel rehearing of this Court's August 21, 2015 decision.

2

## ARGUMENT

Under the great weight of authority[1], which the Panel never addresses,

Capital One is a debt collector because it regularly collects debts originally owed

to another, and which were in default when Capital One acquired them.  The Panel

claims the text of the statute is clear, ignoring that there is a circuit split as to what

constitutes a "debt collector" under the FDCPA.  "[T]he words of a statute must be

read in their context and with a view to their place in the overall statutory

scheme."  *King v. Burwell*, 135 S.Ct. 2480, 2483 (June 25, 2015).  The Panel's

construction does not consider the statutory purpose of the FDCPA as a whole[2]

and should be reversed.

## I.   THE PANEL OPINION DEEPENS A CIRCUIT SPLIT WITHOUT ADDRESSING THE WEIGHT OF AUTHORITY

The definition of "debt collector" is not clear; there is a circuit split on the

issue.  The leading decision, not even addressed by the Panel, is *Kimber v. Federal*

*Financial Corp.*, 668 F.Supp. 1480, 1486 (M.D.Ala. 1987) (Myron Thompson, J.),

where the court analyzed the language of the FDCPA at length, found it

ambiguous with respect to the growing practice of purchasing bad debts, and held

---

[1] Indeed, "the overwhelming weight of authority both in this circuit and in other circuits confirms the majority opinion in *McKinney*, namely, that a person who attempts to collect on a debt acquired after default is a 'debt collector' under the FDCPA." *Zirogiannis v. Dreambuilder Investments*, 782 F.Supp.2d 14, 19 (E.D.N.Y. 2011) (citing several such cases).

[2] "The FDCPA is a consumer protection statute that imposes open-ended prohibitions on, inter alia, false, deceptive, or unfair debt-collection practices." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014)(Internal quotation omitted)

that debt purchasers were covered. "[T]he court must therefore conclude that, even though FFC collects debts for itself, it is still a debt collector within the meaning of §§ 1692a(4) and 1692a(6) of the Act, because the corporation regularly collects debts . . . [that] were already in default when they were assigned to the corporation and thus the corporation falls within the assignee exception to the definition of creditor."

Following *Kimber*, federal courts have consistently held that a company that purchases and attempts to collect delinquent debts as a regular part of its business activities is a "debt collector" within the meaning of the FDCPA with respect to the delinquent debts, even if its principal purpose is not the collection of delinquent debts. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *accord McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 501 (7th Cir.  2008) ("the purchaser of a debt in default is a debt collector for purposes of the FDCPA even though it owns the debt and is collecting for itself"); *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 362 (6th Cir. 2012)("[W]e hold that the definition of debt collector pursuant to § 1692a(6)(F)(iii) includes any non-originating debt holder that either acquired a debt in default or has treated the debt as if it were in default at the time of acquisition"); *Pollice v. Nat'l Tax Funding*, 225 F.3d 379, 403 (3d Cir. 2000) ("an assignee may  be deemed a 'debt collector' if the obligation is already in default when it is assigned"), *cited with approval by Evankavitch v. Green Tree Servicing, LLC*, - - F. 3d - -, 2015 WL 4174441 (3d Cir. July 13, 2015); *FTC v. Check Investors, Inc.*, 502 F.3d 159, 173

4

(3d Cir. 2007) ("one attempting to collect a debt is a 'debt collector' under the FDCPA if the debt in question was in default when acquired"). Not one of these cases was addressed by the Panel.

Before the Panel opinion, the Ninth Circuit was the only Circuit to depart, without justification or explanation, from the overwhelming weight of authority that one who regularly collects debts that are in default when it acquires them is a debt collector with respect to those debts. *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204 (9th Cir. 2013). *Schlegel* did not squarely present the issue before this Court because the debt there had been rewritten and was not a debt in default.

The Panel does not address or even acknowledge the authority contrary to its holding[3]. Thus, the Panel decision not only greatly contributes to a circuit split on the definition of debt collector under the FDCPA, a major issue that controls whether or not the statute will apply to a particular entity, it does so without attempting to reconcile or distinguish precedent on this topic.

## II.    THE MEANING OF "DEBT COLLECTOR" *IS* AMBIGUOUS

The Panel's "entirely transparent" (Panel Opinion p. 13) conclusion is ill-founded. The statute, considered as a whole, is not "transparent," as recognized by the numerous decisions, beginning with *Kimber*, rejecting the Panel's

---

[3] *Schlegel*, like the Panel decision, ignores the circuit split on the definition of "debt collector" and, also like the Panel decision, does not bother to distinguish contrary precedent or FTC interpretations.

5

interpretation. Once it is recognized that at least a latent ambiguity[4] exists, consideration of the purpose of the FDCPA in resolving it is appropriate.[5]

The Panel's statement that "there is no ambiguity in the words that Congress chose to employ" (Panel Opinion, p. 13) misses the mark. It is not the words themselves but the statute as a whole that must be clear and unambiguous. "[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *King v. Burwell*, 135 S.Ct. 2480, 2483 (June 25, 2015)("After reading Section 36B along with other related provisions in the Act, we cannot conclude that the phrase 'an Exchange established by the State under [Section 18031]' is unambiguous.") When the entire statute and purpose of the

---

[4]    A latent ambiguity is one which becomes apparent when one applies language to the subject at hand. The classic example is "I hereby sell you the cargo of the ship 'Peerless.'" Semantically, it is plain enough. But what if there are two ships of that name? *Raffles v. Wichelhaus*, 2 H. & C. 906, 159 Eng.Rep. 375 (Ex. 1864).

[5]    *Serna v. Law Office of Joseph Onwuteaka, P.C.,* 732 F.3d 440, 445 (5th Cir. 2013) (issue was when claim for violation of FDCPA §1692i accrues; court held that because the term "bring such action" in FDCPA was ambiguous, "the FDCPA's remedial nature compels the conclusion that a violation includes both filing and notice"); *Zortman v. J. C. Christensen & Associates, Inc.,* 819 F.Supp.2d 874, 879 (D.Minn. 2011) (FDCPA's purpose considered in resolving issue of whether "communication" requires deliberate or purposive intent to convey information); *Marisco v. NCO Financial Systems, Inc.,* 946 F.Supp.2d 287, 292-93 (E.D.N.Y. 2013) (same); *Thompson v. Diversified Adjustment Service, Inc.*, No. H-12-922, 2013 WL 2973976 (S.D.Tex., July 31, 2013) (same); *Robinson v. Nationstar Mortgage, LLC*, 2:12cv718, 2012 WL 5596421, *5 (S.D.Ohio, Nov. 15, 2012) (court found FDCPA ambiguous as to whether each successive debt collector had to give new §1692g notice, and resolved issue in favor of that interpretation which "best promotes the goal of protecting consumers"). Purposive interpretation of an ambiguous statute is appropriate. *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 646-49 (7th Cir. 2014) (en banc).

FDCPA is considered, it becomes clear that the definition of "debt collector" is not unambiguous and was intended to cover the collection of all debts in default if those debts were in default when acquired by the collector.

## III.    FTC INTERPRETATION CONFLICTS WITH PANEL DECISION

The Federal Trade Commission ("FTC"), which prior to the Dodd-Frank Act was the sole federal agency charged with enforcing the FDCPA, has taken the position that purchasers of defaulted consumer debts are FDCPA "debt collectors."[6]

---

[6]  *FTC v. Check Investors, Inc.*, *supra*; January 30, 2013 FTC report, *The Structure and Practices of the Debt Buying Industry*," www.ftc.gov/os/2013/01/debtbuyingreport.pdf, at pp. 3-4 ("Some debt buyers have argued that because they collect debts they own, not debts others own, the FDCPA does not govern their activities because they are creditors. In the seminal decision in *Kimber v. Federal Financial Corp.*, the court rejected that argument, holding that debt buyers that seek to recover on debts that were in default when the debt buyers acquired them are debt collectors for purposes of the FDCPA. Since *Kimber*, many other courts have concluded that such debt buyers are debt collectors for purposes of the FDCPA"); FTC Report, *Collecting Consumer Debts: The Challenges of Change*, p. 5 (2009), www.ftc.gov/bcp/workshops/debtcollection/dcwr.pdf., ("The FDCPA applies to third-party 'debt collectors,' a term that includes contingency agencies, collection law firms, and debt buyers, but generally does not include creditors' in-house collectors. Congress's rationale for applying the statute only to third-party collectors was that, '[u]nlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them.'"); FTC Report, *Repairing a Broken System: Protecting Consumers in Debt Collection Litigation and Arbitration,* p. 6 n. 15 (2010), www.ftc.gov/os/2010/07/debtcollectionreport.pdf ("Debt buyers – persons who collect debt on their own behalf that they have purchased from creditors or debt collectors – are covered by the FDCPA if the accounts were in default at the time the debt buyers purchased them. FDCPA §§ 803(4), 803(6); 15 U.S.C. §§ 1692a(4), 1692a(6); *see also Ruth v. Triumph P'ships*, 557 F. 3d 790, 796-97 (7th Cir. 2009); *FTC v. Check Investors*, 502 F. 3d 159, 171-72 (3d Cir. 2007)").

The Consumer Financial Protection Bureau, which under Dodd-Frank has taken over some of the FTC's responsibility with respect to the FDCPA, has agreed that the FDCPA applies to "debt buyers collecting on debts they purchased in default." 2013 FDCPA Annual Report, p. 14 n. 14[7]

The Panel opinion disregards the FTC's interpretation of what constitutes a "debt collector" under the FDCPA. It does not even address that its holding *does* contradict the FTC's interpretation or explain why it is advisable to do so. If there is a split on how to interpret a statute, the administrative construction of the statute is entitled to deference. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984). Not only did the Panel fail to grant such deference, it did not address the issue at all.

## IV.    CONGRESSIONAL ACQUIESCENCE

Another fact not addressed in the Panel opinion is that Congress has acquiesced in the consistent construction of the FDCPA as covering purchasers of defaulted debt who collect for their own account. Referring to "owed or due another" in the definition of "debt collector," the Panel stated "'another' is not modified or otherwise limited, and Davidson has pointed us to nothing that would indicate that Congress had any intention to limit the term." (Panel Opinion, p. 13).

This is incorrect. Davidson pointed out Congress's acquiescence to the prevailing judicial interpretation of "another" in his opening brief (p. 24). The

---

[7]    http://files.consumerfinance.gov/f/201303_cfpb_March_FDCPA_Report1.pdf

FDCPA is not an obscure enactment that escapes Congressional attention – it has been amended not less than seven times since *Kimber.* (1) Pub.L. 111-203, Title X, §1089(2), July 21, 2010, 124 Stat. 2092; (2) Pub.L. 109-351, Title VIII, § 802, Oct. 13, 2006, 120 Stat. 2006; (3) Pub.L. 104-208, Title II, § 2305(a), Sept. 30, 1996, 110 Stat. 3009-425; (4) Pub.L. 104-88, Title III, § 316, Dec. 29, 1995, 109 Stat. 949; (5) Pub.L. 102-550, Title XVI, § 1604(a)(8), Oct. 28, 1992, 106 Stat. 4082; (6) Pub.L. 102-242, Title II, § 212(e), Dec. 19, 1991, 105 Stat. 2301; (7) Pub.L. 101-73, Title VII, § 744(n), Aug. 9, 1989, 103 Stat. 440. At no time has Congress rejected the consistent construction of courts, the FTC, and the CFPB that purchasers of defaulted debts are debt collectors under the FDCPA.

Congressional acquiescence in repeated administrative and judicial construction of statutory language is entitled to great weight, even to the point of "add[ing] a gloss or qualification to what is on its face unqualified statutory language." *Saxbe v. Bustos*, 419 U.S. 65, 74 (1974). Rather than doing so, the Panel completely disregarded the issue.

## V. THE PANEL'S READING IS BOTH OVERINCLUSIVE AND UNDERINCLUSIVE

The Panel's "construction" simultaneously covers both too much and too little. There are numerous entities whose ***principal*** business is the purchase of ***non***-delinquent debts and their collection from consumers – sales finance companies such as Ford Motor Credit and Toyota Motor Credit, for example. Such entities are not currently thought of as FDCPA "debt collectors" because of the §1692a(6)(F) exceptions, particularly the one for debts acquired prior to

9

default.  *Musudi v. Ford Motor Credit Co.*, 07cv1082, 2008 WL 2944643
(E.D.N.Y., July 31, 2008).

The problem created by the Panel's ruling is that *all* of the §1692a(6)(F)
exceptions are *only* applicable to persons who collect "any debt owed or due or
asserted to be owed or due another."  Under the Panel's reading, entities whose
principal business is the purchase of non-delinquent consumer debt, such as Ford
Motor Credit and Toyota Motor Credit, are subject to the FDCPA, because the
exceptions for "a debt which was not in default at the time it was obtained by such
person" and "a debt which was originated by such person" are part of
§1692a(6)(F), and §1692a(6)(F) only apply to "any person collecting or attempting
to collect any debt owed or due or asserted to be owed or due another . . . ."  Ford
Motor Credit, Toyota Motor Credit and similar sales finance companies are not
collecting for another  – they are collecting consumer debts which they have
purchased, and that is their principal business activity.[8]  Thus, if the statutory
language about "collecting or attempting to collect any debt owed or due or
asserted to be owed or due another" does not apply to them, there is no exception
to remove them from the FDCPA.

At the same time, the Panel's reading excludes from the definition of debt
collector an entity such as Capital One, which acquires over $1 billion in defaulted
debt as part of its regular business activities and elects to collect it using dubious

---

[8]  Sometimes a sales finance agency is involved in the "origination" of the debt
(credit approval and determination of credit terms), more often, its first involvement
is shortly after "origination," when the obligation is not delinquent.

means, just because more than 50.1% of its business activities consist of something other than the collection of delinquent debt.[9]

These problems do not exist if, as originally stated in Judge Thompson's thoughtful opinion in *Kimber*, the phrase "owed or due or asserted to be owed or due another" applies to ***both*** a person who regularly collects ***and*** a person whose principal business is collection, ***and*** refers to a point in time prior to the involvement of the putative debt collector in the matter.  Under this reading, the exceptions in §1692a(6)(F) apply to both the "principal purpose" and "regularly collects" clauses, and exempt persons whose first involvement with the debt comes prior to default.   Thus, the ordinary business activities of Ford Motor Credit are not covered  – it purchases nondefaulted debts shortly after they are originated by car dealers, with or without the involvement of Ford Motor Credit  – but a company that "regularly" acquires delinquent debt is covered with respect to the delinquent debts.

## VI.    THE PANEL'S READING RENDERS SUBSTANTIAL PORTIONS OF THE DEFINITION MEANINGLESS

Under the Panel's reading, the exemption in §1692a(6)(F)(iv) would be completely superfluous, and that in §1692a(6)(F)(iii) largely so.  Statutes are generally not construed in such a manner that substantial portions are meaningless

---

[9] It will also exempt credit insurers who acquire defaulted loans and any entity whose "principal purpose" can be bent and twisted into something other than a debt collector.  For example, entities such as Unifund CCR Partners will argue they are debt brokers, not collectors, since they resell much of the debt they purchase rather than attempt to collect it.

11

or superfluous. *Kozak v. Hillsborough County, Fla.*, 644 F.3d 1347, 1349 (11th Cir. 2011).

The §1692a(6)(F)(iv) exemption exempts "a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor." This refers to a situation where Company A extends credit to Company B, secured by Company B's receivables. If Company B's receivables consist of consumer obligations, Company B defaults, and Company A acquires the consumer receivables, Company A would otherwise be subject to the FDCPA in collecting them. Company A is, by definition, collecting for itself, not acting as agent for another. Comment 9 to UCC § 9-607. Also by definition, Company A's principal business is extending secured commercial credit, and it would no doubt try to ***avoid*** acquiring consumer receivables as a result of customer default. At the same time, Company A is likely to have some incidence of default. Thus, it "regularly" acquires and collects defaulted debt for its own account, but never as its "principal" business. Unless a person which regularly acquires and collects defaulted consumer debts for its own account is subject to the FDCPA, there is no need for this exception. Furthermore,  unless the prefatory language "owed or due or asserted to be owed or due another" applies to an entity which has acquired debt, the exception is ineffective and  nonsensical.

Section §1692a(6)(F)(iii)  exempts collection of "a debt which was not in default at the time it was obtained by such person."  Significantly, the Panel did not offer any plausible reason why Congress would grant this critical exemption to

12

persons who regularly engage in "collecting or attempting to collect any debt owed or due or asserted to be owed or due another," but not to persons whose principal business is collecting debts.

The §1692a(6)(F)(iii) exemption presumes that the "person" has "obtained" a debt.  The core meaning of "obtain" is to get or acquire. Webster's New World College Dictionary, 4th Ed. (accessed January 12, 2014).   The language thus contemplates a person collecting a delinquent debt "owed or due or asserted to be owed or due another" that has nevertheless been "obtained" by the first person. *Kimber* reconciles these propositions by looking to the time immediately prior to "obtaining" to determine whether the debt was owed to another.

The fact that an exemption or exclusion was created indicates that but for the exemption the activities exempted would be within the basic scope of the statute. As a matter of common sense the existence and language of an exclusion from a definition are indicative of the meaning and scope of the basic definition. *Admiral Ins. Co. v. Weitz & Luxenberg, P.C.*, No. 02 Civ. 2195(RWS),  2002 WL 31409450 (S.D.N.Y., Oct. 24, 2002) (the question arises with some frequency in the context of insurance coverage).

Analyzing the consumer-protective purposes of the FDCPA, *Kimber* and its progeny have resolved the ambiguities by holding that the temporal relationship contemplated by Congress is that the debt was  "originally" or "previously" owed or due another, so that entities that acquire debts that are delinquent at the time of acquisition are covered, whether they do so as part of their regular business

13

activities or as their principal business activity.[10]  This approach, embraced by the overwhelming majority of Courts and the FTC, is the correct one.

## VII.  CONCLUSION

Although three circuit courts, dozens of district courts, and the FTC have all concluded that the FDCPA definitions are ambiguous, and that the construction of the FDCPA urged by Plaintiff-Appellant is correct, the Panel opinion adopted the District Court and Capital One's argument that all of these authorities are contrary to what the statute "clearly, plainly, and directly states."[11]  (Panel Opinion, p. 11)

The Panel opinion's statement is inherently illogical.  The fact that a large number of presumably reasonable jurists have interpreted language in a certain way indicates that such interpretation is reasonable for purposes of determining whether an ambiguity exists. The Fifth Circuit so concluded in a pre-1980 decision

---

[10] Indeed, many of the decisions holding purchasers of defaulted debt to be subject to the FDCPA involved entities whose principal purpose was not the purchase of debt, although they did so regularly. *E.g.*, *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 362 (6th Cir. 2012) (mortgage company); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (same); *Bates v. Novastar/ Nationstar Mortgage LLC*, 1:08cv1443, 2008 WL 2622810, *5-6 (N.D.Ga., June 24, 2008) (same); *Anderson v. Deutsche Bank Nat'l Tr. Co.*, 1:11cv4091, 2012 WL 3756512 (N.D.Ga. Aug. 6, 2012), adopted, 2012 WL 3756435 (N.D.Ga., Aug. 27, 2012) (same); *Deutsche Bank Trust Co. Americas v. Garst*, 989 F.Supp.2d 1194, 1201 (N.D.Ala. 2013) (same); *Prickett v. BAC Home Loans*, 946 F.Supp.2d 1236, 1248 (N.D.Ala. 2013) (same); *Monroe v. CitiMortgage, Inc.*, No. 8:07cv0066-SCB-TGW, 2007 WL 15601904, *2 (M.D.Fla. May 29, 2007) (same); *Dolan v. Fairbanks Capital Corp.*, 03cv3285, 2008 WL 4515932, *10 (E.D.N.Y., Sept. 30, 2008) (same).

[11] Such a statement is consistent with the Panel's failure to address the other Circuit court opinions and FTC guidance finding the definition of "debt collector" to be ambiguous.  One cannot recognize conflicting authority and still claim that the statute "clearly, plainly, and directly states" anything.

binding on this Court, *Boston Ins. Co. v. Gable*, 352 F.2d 368, 370 (5th Cir. 1965) ("we agree with the trial court's further conclusion that since the interpretation of this contractual language has been differently construed by courts of different jurisdictions," it is ambiguous, and therefore should be construed against the insurance company), as have other courts, *Lefrak Organization, Inc. v. Chubb Custom Ins. Co.*, 942 F.Supp. 949, 957 (S.D.N.Y. 1996) ("the range and variety of judicial opinions" deriving different meanings from the same language in a form insurance policy supports the conclusion that it is ambiguous, i.e., can reasonably be interpreted to mean different things).

The Panel's rejection of thirty years of developed judicial and administrative wisdom as to what the FDCPA covers, coupled with a reading of the statute that produces results that are simultaneously both grossly overinclusive and grossly underinclusive and inconsistent with how everyone has interpreted the statute, strongly suggests that the Magistrate Judge was right and the District Judge and Panel were wrong.  The definition is ambiguous and requires construction, and the *Kimber* construction is the correct one.

For the above-stated reasons, plaintiff-appellant Keith Davidson requests that the Court grant his petition for rehearing and rehearing *en banc*.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

15

E. Talley Gray
3449-E Lawrence-Suwanee Road
Suwanee, GA 30024
(678) 428-4868
(800) 878-0429
TalleyGray@yahoo.com


Daniel A. Edelman
Cathleen M. Combs
Catherine C. Charpie
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that on September 11, 2015, the preceding brief was filed with the Court electronically, and that a copy of the same was served upon counsel for all appellees, by operation of the Court's electronic filing system, and also by U.S. Mail, as follows:

Joshua Threadcraft
joshua.threadcraft@burr.com
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Jennifer E. Ziemann
jziemann@burr.com
BURR & FORMAN LLP
171 17th Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

s/Daniel A. Edelman
Daniel A. Edelman

17

# APPENDIX A

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14200
_____

D.C. Docket No. 1:13-cv-02307-WSD

KEITH DAVIDSON,
on behalf of plaintiff and a class,

                                        Plaintiff - Appellant,

versus

CAPITAL ONE BANK (USA), N.A.,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 21, 2015)

Before WILSON and MARTIN, Circuit Judges, and HODGES,[*] District Judge.

WILSON, Circuit Judge:

_____

        [*] Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of
Florida, sitting by designation.

In this appeal, we decide whether a bank that collects or attempts to collect on a debt, which was in default at the time it was acquired by the bank, qualifies as a "debt collector" under the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.  Keith Davidson appeals the dismissal of his amended complaint, filed on behalf of himself and a class of similarly situated individuals, alleging that Capital One Bank (USA), N.A. (Capital One) violated certain provisions of the FDCPA in attempting to collect on defaulted or delinquent credit card accounts that Capital One had acquired from HSBC Bank Nevada, N.A. (HSBC).  The district court dismissed Davidson's amended complaint on the ground that Capital One was not a "debt collector" as defined by the Act and was thus not subject to the Act.

   We need look no further than the statutory text to conclude that, under the plain language of the FDCPA, a bank (or any person or entity) does not qualify as a "debt collector" where the bank does not regularly collect or attempt to collect on debts "owed or due another" and where "the collection of any debts" is not "the principal purpose" of the bank's business, even where the consumer's debt was in default at the time the bank acquired it.  *See id.* § 1692a(6).

As discussed below, the amended complaint's factual matter establishes that Capital One's collection efforts in this case related only to debts owed to it and that debt collection is only some part of, and not the principal purpose of, Capital One's

2

business.  *See id.*  In short, Capital One's activity, as alleged by Davidson, is not

the activity of a "debt collector" under the FDCPA, and Davidson cannot state a

claim under the Act.  We therefore affirm the district court's dismissal of

Davidson's amended complaint.

## I.

In 2007, HSBC filed suit against Davidson in state court to collect on a

credit card account belonging to Davidson that he had used for "personal, family,

or household purposes."[1]  *See id.* § 1692a(5).  During the course of the litigation,

the parties entered into a settlement agreement, whereby Davidson agreed to pay

$500.00 to HSBC, and, in return, HSBC agreed to dismiss its collection action.

When Davidson failed to pay the $500.00 to HSBC, the state court entered a

judgment in favor of HSBC and against Davidson in the amount of $500.00.

In May 2012, Capital One acquired approximately $28 billion of HSBC's

United States-based credit card accounts, over $1 billion of which were shown as

delinquent or in default at the time of Capital One's acquisition, including the

credit card account belonging to Davidson.  Shortly thereafter, in August 2012,

Capital One filed suit against Davidson in state court to collect on the same credit

card account that had been the subject of HSBC's prior lawsuit.  Capital One's

---

[1] The following facts are taken from Davidson's amended complaint and those core documents Davidson subsequently attached to his amended complaint.  *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215–16 (11th Cir. 2012) (documents attached to complaint); *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) (documents referred to in complaint and central to plaintiff's claim).

state court complaint alleged that Davidson's account was delinquent in the
amount of $1,149.96. An affidavit attached to the complaint asserted that Capital
One had acquired Davidson's credit card account as of May 2012.

In July 2013, Davidson filed suit in district court, on behalf of himself and a
purported class of similarly situated individuals, claiming that Capital One's state
court activities violated the FDCPA. Specifically, Davidson alleged that Capital
One's complaint falsely stated the amount of Davidson's debt, which had been
reduced to a $500.00 judgment in the HSBC litigation, and that the affidavit was
"mass produced," "robo-signed," and not based on the affiant's personal
knowledge and contained false statements in violation of the FDCPA. *See id.* §
1692e. Capital One moved to dismiss Davidson's action under Federal Rule of
Civil Procedure 12(b)(6) for failure to state a claim. In response, Davidson filed an
amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

Capital One moved to dismiss the amended complaint. It argued that the
amended complaint failed to plausibly allege that Capital One was a "debt
collector" for purposes of the FDCPA and only debt collectors are subject to
liability under the Act. Specifically, Capital One asserted that it did not qualify as
a "debt collector" because it regularly collected debts that were owed to *it* and not
debts "owed or due another." Davidson countered that the amended complaint
sufficiently alleged that Capital One met the definition of "debt collector" by

4

stating that Capital One "regularly acquired delinquent and defaulted consumer debts that were originally owed to others" and "attempted to collect such . . . debts in the regular course of its business."  Companies that regularly purchase and collect defaulted consumer debts, Davidson argued, are regulated by the Act.

The district court agreed with Capital One.  According to the district court, whether Davidson's debt was in default at the time it was acquired by Capital One did not bear on whether Capital One satisfied the statutory definition of "debt collector."[2]  It further found that, to qualify as a debt collector under the FDCPA, Capital One had to "regularly" collect or attempt to collect on debts "owed or due another" *or* the principal purpose of Capital One's business had to be "the collection of any debts," *see id.* § 1692a(6), and Capital One did not satisfy either requirement.  The district court dismissed Davidson's amended complaint pursuant to Rule 12(b)(6) for failure to state a claim, and Davidson timely appealed.

## II.

We review de novo a district court's interpretation of a statute.  *Bankston v. Then*, 615 F.3d 1364, 1367 (11th Cir. 2010) (per curiam).  We also review de novo

---

[2] The amended complaint does not allege that Davidson defaulted on the HSBC judgment prior to Capital One's acquisition of his credit card account.  Still, Capital One has treated Davidson's debt as a debt that *was* in default at the time it was acquired, and we will do the same.  *See, e.g.*, *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 362 (6th Cir. 2012) ("It matters not whether [treatment of the debt as if it were in default at the time of acquisition] was due to a clerical mistake, other error, or intention."); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir. 2003) ("Focusing on the status of the obligation asserted by the assignee is reasonable in light of the conduct regulated by the statute.").

the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

*Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam).  In so doing, we

accept as true all well-pleaded factual allegations in the complaint, *see Randall v.*

*Scott*, 610 F.3d 701, 710 (11th Cir. 2010), which we construe "in the light most

favorable to the plaintiff," *Hill*, 321 F.3d at 1335.  To survive a motion to dismiss,

a complaint must "state a claim to relief that is plausible on its face," meaning it

must contain "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).

### III.

The FDCPA was passed "to eliminate abusive debt collection practices," to

ensure that "debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged," and to promote consistent state

action in protecting consumers against debt collection abuses.  *See* 15 U.S.C. §

1692(e); *see* S. Rep. No. 95-382, at 1–2 (1977), *reprinted in* 1977 U.S.C.C.A.N.

1695, 1696 (nature and purpose of FDCPA).  In accordance with its stated

purposes, the FDCPA bans certain debt collection practices and allows individuals

to sue debt collectors who fail to comply with the Act.  *See* § 1692b–1692f, 1692k.

Davidson alleges that Capital One violated multiple subsections of 15 U.S.C.

§ 1692e.  Section 1692e generally prohibits a debt collector from using "any false,

deceptive, or misleading representations or means in connection with the collection

of any debt." § 1692e.  Conduct constituting a violation includes "[t]he false

representation of . . . the character, amount, or legal status of any debt" and "[t]he

use of any false representation or deceptive means to collect or attempt to collect

any debt or to obtain any information concerning a consumer." *Id.* § 1692e(2),

(10).  Davidson contends that the complaint and affidavit that Capital One filed in

state court violated § 1692e and each of subsections 1692e(2) and 1692e(10).

There is no dispute that § 1692e applies only to debt collectors.  Therefore,

in order to survive Capital One's motion to dismiss, Davidson must plead "factual

content that allows the court to draw the reasonable inference that" Capital One is

a "debt collector" under the FDCPA and therefore liable for the misconduct

alleged.  *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

## A.

Before we can determine whether Davidson's amended complaint plausibly

alleges that Capital One is a "debt collector" for purposes of the FDCPA, we must

resolve the parties' dispute regarding the meaning of the term "debt collector."

The Act defines "debt collector" to mean "[1] any person who uses any

instrumentality of interstate commerce or the mails in any business the principal

purpose of which is the collection of any debts, or [2] who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed

or due another."[3]  § 1692a(6).  The definition excludes several categories of

persons, *see* § 1692a(6)(A)–(F) (listing excluded persons), including "any person

collecting or attempting to collect any debt owed or due or asserted to be owed or

due another to the extent such activity . . . concerns a debt which was not in default

at the time it was obtained by such person," § 1692a(6)(F)(iii).

Unlike debt collectors, creditors typically are not subject to the FDCPA.

*See, e.g.*, *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000).  A

"creditor" is "any person who offers or extends credit creating a debt or to whom a

debt is owed."  § 1692a(4).  However, "any person to the extent that he receives an

assignment or transfer of a debt in default solely for the purpose of facilitating

collection of such debt for another" is excluded from the definition of "creditor."

*Id.*  Further, "any creditor who, in the process of collecting his own debts, uses any

name other than his own which would indicate that a third person is collecting or

attempting to collect such debts" will be treated as a "debt collector" for purposes

of the Act.  § 1692a(6).

According to Davidson, the line between creditors and debt collectors is

drawn by the default status of the debt.  Relying on the exclusion found at §

1692a(6)(F)(iii), Davidson contends that an entity that does not originate a debt,

---

[3] *See Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir. 1997) (per curiam) ("[T]he use of a disjunctive in a statute indicates alternatives and requires that those alternatives be treated separately." (internal quotation marks omitted)).

but acquires it from another, is deemed either a creditor or a debt collector

depending on the default status of the debt at the time it was acquired.  Put simply,

Davidson avers that, if the debt was *not* in default when it was acquired, §

1692a(6)(F)(iii) excludes the entity from the definition of "debt collector," and the

entity is a "creditor"; on the other hand, if the debt was in default when it was

acquired, § 1692a(6)(F)(iii) does not apply, and the entity is a "debt collector."

This argument is not persuasive because § 1692a(6)(F)'s exclusions do not obviate

the substantive requirements of § 1692a(6)'s definition.

Subsection (F)(iii) excludes any person who is collecting or attempting to

collect on any debt owed or due another from the term "debt collector" *if* the debt

was not in default at the time it was acquired.  The phrase "any person" is

expansive.  *See CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1223

(11th Cir. 2001) ("[I]n the absence of any language limiting the breadth of [the

word 'any'], it must be read as referring to all of the subject that it is describing."

(internal quotation marks omitted)).  The phrase is properly understood to include

"any person who uses any instrumentality of interstate commerce or the mails in

any business the principal purpose of which is the collection of any debts" and *is*

collecting for another, and any person "who regularly collects or attempts to collect

. . . debts owed or due or asserted to be owed or due another" and *is* collecting for

another. *See* § 1692a(6), (6)(F).  Thus, a person who otherwise meets the

definition of "debt collector" may be excluded from the term if he obtained a debt from another, he is collecting the debt for another, *and* the debt was acquired prior to default.[4]  *See id.* § 1692a(6)(F)(iii).

However, where a person does not fall within subsection (F) or any one of the six statutory exclusions, he is not deemed a "debt collector" as a matter of course.  Before a person can qualify as a "debt collector" under the FDCPA, he must satisfy the Act's substantive requirements.  *See* § 1692a(6).  Pursuant to the plain language of the statute, a "debt collector" includes (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[5]  *Id.*  In contrast to the exclusion at § 1692a(6)(F)(iii), the statutory definition of "debt collector" applies without regard to the default status of the underlying debt.

---

[4] Entities falling within this exclusion include "mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing."  *See* S. Rep. No. 95-382, at 3–4.

[5] There is another category of persons that falls within the definition of "debt collector."  Under § 1692a(6), the term "debt collector" includes "any *creditor* who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."  15 U.S.C. § 1692a(6) (emphasis added).  Neither party asserts or even suggests that this third category is applicable here; their arguments and, as a result, our analysis is focused on the principal definition of "debt collector" in the first sentence of § 1692a(6).

In our construction of a statutory provision, "we read the statute to give full effect to each of its provisions . . . [and] look to the entire statutory context." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999).  If we consider § 1692a(6)(F)(iii) in isolation, it is not unreasonable to read the exclusion to intimate that any person who collects or attempts to collect any debt owed or due another, which debt *was* in default at the time it was obtained by such person, is a "debt collector."  *See* § 1692a(6)(F)(iii) (excluding from the term "debt collector" any person collecting or attempting to collect a debt for another that was *not* in default when acquired).  But, when § 1692a(6)(F)(iii) is read in its statutory context, it reveals itself to be nothing more than a single exclusion for a certain group of persons from a statutory definition that Davidson effectively urges us to ignore.

Section 1692a(6) clearly, plainly, and directly states that a person who is engaged in any business the principal purpose of which is debt collection or a person who regularly collects or attempts to collect debts owed or due another qualifies as a "debt collector."  *See* § 1692a(6).  So, if subsection (F)(iii)'s exclusion is inapplicable because, for example, the subject debt was in default at the time it was acquired or the subject person is not collecting for another, the person *may* be a debt collector, but the person is not undoubtedly a debt collector; one of two statutory standards still must be met.  *See* § 1692a(6).  Davidson cannot rely on § 1692a(6)(F)(iii) to bring entities that do not otherwise meet the definition

11

of "debt collector" within the ambit of the FDCPA solely because the debt on which they seek to collect was in default at the time they acquired it.  Section 1692a(6)(F)(iii) is an exclusion; it is not a trap door.[6]

Davidson's misunderstanding of the effect of § 1692a(6)(F)(iii) also results in a strained construction of § 1692a(6)'s second definition of "debt collector."[7] Drawing on subsection (F)(iii), Davidson contends that an entity that regularly collects debts originally owed to another, which debts were in default at the time they were acquired, qualifies as "debt collector" under the FDCPA.  Put another way, Davidson reads the definition of "debt collector" to encompass any regular purchaser of a debt in default even if the purchaser owns the debt and is collecting for himself.  As noted above, the term "debt collector" includes any person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  § 1692a(6).  Davidson's interpretation succeeds only if we rewrite the statutory text to read "regularly collects or attempts to collect, directly or indirectly, debts *originally* owed or due or asserted to be

---

[6] We also note that § 1692a(6)(F)(iii) is limited in its applicability to "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due *another*." *Id.* § 1692a(6)(F) (emphasis added).  Therefore, Davidson's reliance on § 1692a(6)(F)(iii) is misplaced for two reasons: (1) because it is an exclusion, not a definition; *and* (2) because it cannot be read, either directly or indirectly, to apply to any person collecting or attempting to collect on a defaulted debt owed or due to *him*.

[7] Davidson's arguments on appeal are focused around the second definition of "debt collector."  *See id.* § 1692a(6) (regular collection of debts for another).  We are not asked to construct or otherwise interpret the first definition.  *See id.* (principal purpose).

*originally* owed or due another."  But we are not in the business of rewriting statutes.

The statutory text is entirely transparent.  A "debt collector" includes any person who regularly collects or attempts to collect debts owed or due another.  *See* § 1692a(6).  The statute does not define "another," so we will look to the common usage of the word for its meaning.  *See, e.g.*, *Consol. Bank, N.A. v. United States Dep't of Treasury*, 118 F.3d 1461, 1464 (11th Cir. 1997).  The term "another" most naturally connotes "one that is different from the first or present one."  Merriam-Webster's Collegiate Dictionary 48 (10th ed. 1996).  Applying this definition to the statutory language, this means that a person must regularly collect or attempt to collect debts *for others* in order to qualify as a "debt collector" under the second definition of the term.  The word "another" is not modified or otherwise limited, and Davidson has pointed us to nothing that would indicate that Congress had any intention to limit the term.  *See CBS Inc.*, 245 F.3d at 1224–26.

In construing a statutory provision, "[w]e do not start from the premise that [the statutory] language is imprecise."  *United States v. LaBonte*, 520 U.S. 751, 757, 117 S. Ct. 1673, 1677 (1997).  Congress limited the second definition of "debt collector" to those persons who regularly collect or attempt to collect debts owed or due or asserted to be owed or due *another*, and there is no ambiguity in the words that Congress chose to employ.  *See CBS Inc.*, 245 F.3d at 1225 ("Any

13

ambiguity in the statutory language must result from the common usage of that language, not from the parties' dueling characterizations of what Congress 'really meant.'").   Because we are not permitted to "do to the statutory language what Congress did not do with it," *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (en banc), we will not write into the phrase "owed or due another" the limiting adverb "originally" in order to express what Davidson thinks Congress intended, *see CBS Inc.*, 245 F.3d at 1223 (reasoning that the appellant's need to rewrite a statutory phrase was "further proof that the plain meaning of what Congress actually said [was] against [the appellant's] position").

We will, as we must, "presume that Congress said what it meant and meant what it said." *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc).  In doing so, we reject Davidson's argument that a non-originating debt holder is a "debt collector" for purposes of the FDCPA solely because the debt was in default at the time it was acquired.  The statute is not susceptible to such an interpretation.  Instead, applying the plain language of the statute, we find that a person who does not otherwise meet the requirements of § 1692a(6) is not a "debt collector" under the FDCPA, even where the consumer's debt was in default at the time the person acquired it.  *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030 (1989) ("[W]here, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'");

*Harris*, 216 F.3d at 976 ("[Our] role . . . is to apply statutory language, not rewrite it.").[8]

## B.

We turn now to Davidson's amended complaint.  According to Davidson, the amended complaint sufficiently alleges that Capital One meets the definition of "debt collector" by alleging that Capital One "regularly acquires delinquent and defaulted consumer debts that were originally owed to others" and "has attempted to collect such delinquent or defaulted debts in the regular course of its business, using the mails and telephone system."  Taking these allegations, together with the

---

[8] Davidson argues that our holding creates a loophole by which entities that regularly acquire and pursue collection of defaulted debts avoid the FDCPA even though such entities are engaged in debt collection.  We disagree.  An entity that may collect on a debt owned by and owed to it in the course of doing business falls outside of the Act's intended scope.  *See* S. Rep. No. 95–382, at 2–3 (intending "debt collector" to include "all third persons who regularly collect debts for others" to the exclusion of "a person who collects a debt for another in an isolated instance" or "those who [do not] collect for others in the regular course of business").  But an entity whose "principal purpose" is the collection of "*any*" debts," *see* § 1692a(6) (emphasis added) ("principal purpose" not modified by "owed or due another"), is subject to the FDCPA under the first definition of "debt collector," *see, e.g.*, *Pollice*, 225 F.3d at 404 ("no question that the 'principal purpose' of [defendant's] business is the 'collection of any debts'"); *F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 174 (3d Cir. 2007) (noting that the defendant was "in business to . . . acquire seriously defaulted debt" solely for collection purposes).  "Any debts" means "all debts," including debts acquired from another, in default, or owed to the collecting entity.  *See CBS Inc.*, 245 F.3d at 1223 (noting that "any" means "every" or "all").  Therefore, where "principal purpose" is plausibly alleged, the entity described in Davidson's harried hypothetical will not escape regulation.  *See* S. Rep. No. 95–382, at 2–3 ("The primary persons intended to be covered are independent debt collectors.").  In any event, to the extent that such a loophole does exist, it is for Congress, not the courts, to close.  *See Artuz v. Bennett*, 531 U.S. 4, 10, 121 S. Ct. 361, 365 (2000) ("Whatever merits these and other policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them."); *In re Hedrick*, 524 F.3d 1175, 1187–88 (11th Cir.), *amended on reh'g in part*, 529 F.3d 1026 (11th Cir. 2008) (per curiam) ("[We are not] authorized to interpret a statute contrary to the plain meaning of its words if doing so would, in the court's view, better further the purpose it thinks Congress had in mind.").

amended complaint's factual matter as a whole, in the light most favorable to

Davidson, we find that Davidson has failed to allege "factual content that allows

[us] to draw the reasonable inference that" Capital One is a "debt collector" under

the Act.  *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

The amended complaint does not expressly state that the "principal purpose"

of Capital One's business is debt collection, as required by the first definition of

"debt collector."  *See* § 1692a(6).  However, the amended complaint does allege

that "Capital One has attempted to collect . . . delinquent or defaulted debts in the

regular course of its business, using the mails and telephone system in doing so."

To the extent that this allegation invokes the principal purpose concept, it is

insufficient to establish Capital One's status as a "debt collector."  The amended

complaint provides a basis from which we can plausibly infer that *some* part of

Capital One's business is debt collection, but it fails to provide any basis from

which we could plausibly infer that the "principal purpose" of Capital One's

business is debt collection.  The first definition will not sustain Davidson's action.

As to the second definition of "debt collector," Davidson argues that the

amended complaint sufficiently alleges that Capital One is a "debt collector" by

stating that Capital One "regularly acquires delinquent and defaulted consumer

debts that were originally owed to others" and "has attempted to collect such . . .

debts in the regular course of its business."  Davidson does not dispute that Capital

One purchased, owns, and sought to collect on the defaulted and delinquent credit card accounts for itself.  However, he contends that Capital One still fits the second definition of "debt collector" because it regularly collects debts that were originally owed to another and that were in default when Capital One acquired them.

As discussed above, our inquiry under § 1692a(6) is not whether Capital One regularly collects on debts *originally* owed or due another and now owed to Capital One; our inquiry is whether Capital One regularly collects on debts owed or due another at the time of collection.  The amended complaint makes no factual allegations from which we could plausibly infer that Capital One regularly collects or attempts to collect debts owed or due to someone other than Capital One.  Because Capital One acquired Davidson's credit card account (and the credit card accounts of the purported class members) from HSBC, Capital One's collection efforts in this case relate only to debts owed to it—and not to "another."  That the credit card accounts were in default at the time they were acquired by Capital One does not bear on our determination here.  As such, the amended complaint fails to sufficiently allege that Capital One is a "debt collector" under § 1692a(6) and thus subject to liability under the FDCPA.

17

## IV.

Because Davidson's amended complaint does not plausibly allege that Capital One is a "debt collector" under the FDCPA, we affirm the district court's dismissal of Davidson's amended complaint.

**AFFIRMED**.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Douglas J. Mincher
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 21, 2015

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 14-14200-AA
Case Style: Keith Davidson v. Capital One Bank (USA), N.A.
District Court Docket No: 1:13-cv-02307-WSD

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call David L. Thomas, AA at (404) 335-6169.

Sincerely,

DOUGLAS J. MINCHER, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs